UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Byron Dale, et al.,                                  Court File No. 18-cv-685 (DWF/LIB)

Plaintiffs,

v.                                                   **ORDER AND**
**REPORT AND RECOMMENDATION**

Steven Mnuchin, et al.,

Defendants.

This matter comes before the undersigned United States Magistrate Judge upon Plaintiffs'

Motion for Default Judgment, [Docket No. 14], and upon referral from the Honorable Donovan

W. Frank. (Order of Reference [Docket No. 12]).

On March 12, 2018, Plaintiffs Bryon Dale, Greg Soderberg, Ayrlahn Johnson, and David

Pich, *pro se*, initiated the present case. (Compl. [Docket No. 1]).[1] On March 19, 2018, Plaintiffs

filed a Summons and Complaint Return of Service form. [Docket No. 3]. The Summons Returned

Executed purports that service was effectuated on Defendants President Donald Trump and Steven

Mnuchin by certified mail with return receipt. (Id.). Service via certified mail, however, is not

proper service in the present case. See, Fed. R. Civ. P. 4(e), (i). Plaintiffs have not filed any other

document indicating any other manner in which service has been effectuated upon Defendants.

Therefore, it appears that proper service has not been effectuated on Defendant President Donald

Trump or Defendant Steven Mnuchin.

Accordingly, the Court issued an Order notifying Plaintiffs that the Federal Rules of Civil

Procedure require a plaintiff to demonstrate proof of service "within 90 days after the complaint

---

[1] Plaintiffs also purport to name as Plaintiff the citizens of the United States. (See, Id.).

is filed, [or] the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Pursuant to Rule 4(m), the Court directed Plaintiffs to provide proof of service or demonstrate good cause for an extension of time to serve Defendants by no later than July 10, 2018, failing which the Court would recommend dismissal for failure to effect proper service and failure to prosecute. (Order [Docket No. 13]).

Instead, on July 3, 2018, Plaintiffs filed a Motion for Default Judgment, [Docket No. 14]; an Affidavit in support of said Motion, [Docket No. 15]; a Proposed Order, [Docket No. 16]; and a Certificate of Service, [Docket No. 17], indicating that Plaintiffs mailed their Motion to the Defendants.

Plaintiffs' Motion for Default Judgment, [Docket No. 14], is not proper as Plaintiffs do not appear to have yet effectuated service upon Defendant President Donald Trump or Defendant Steven Mnuchin, and therefore, Defendants have no current duty to respond to the present Complaint. See, Fed. R. Civ. P. 12(a)(1)(A)(i) (providing that a defendant is required to answer a responsive pleading "within 21 days after being served with the summons and complaint") (emphasis added); Fed. R. Civ. P. 55. Plaintiffs were previously informed by this Court that they had not effectuated proper service upon Defendants (see, Order [Docket No. 13]), and yet, Plaintiffs, nevertheless, choose to file a Motion to Default Judgment. "To enter default judgment, a court must have jurisdiction over the defaulting party, and the defendant must have been made party to the action by proper service of process." United States v. Woods, 2004 WL 790332, at *3 (D. Minn. March 31, 2004) (citing Dodco, Inc. v. American Bonding Co., 7 F.3d 1387, 1388 (8th Cir. 1993)); Noryson v. Dasai, 351 F.3d 825, 829 (8th Cir. 2003) ("Defendant could not have been held in default for failure to answer until properly served by [plaintiff].").

Moreover, Plaintiffs failed to apply to the Clerk of Court for a Clerk's entry of default under Rule 55(a) before filing the present Motion for Default under Rule 55(b). A judgment for default under Rule 55(b), as Plaintiffs seek here, can only be entered after a clerk's entry of default under Rule 55(a). See, Johnson v. Dayton Electric Manufacturing Co., 140 F.3d 781, 783 (8th Cir. 1998) ("When a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default under Rule 55(b).").

Simply out, Plaintiffs' Motion for Default Judgment is not only procedurally improper but also in violation of this Court's June 20, 2018, Order directing Plaintiffs to provide this Court with proof of proper service upon Defendants.

Therefore, the Court, in its inherent authority to do so, will strike Plaintiffs' Motion for Default Judgment, [Docket No. 14], as well as, all the support documents contemporaneously submitted. [Docket Nos. 15, 16, 17].

As observed above, Plaintiffs were ordered to provide proof of service upon Defendants by no later than July 10, 2018. That July 10, 2018, deadline has now come and gone, and Plaintiffs have neither provided proof of service nor articulated good cause as to why the Court should grant Plaintiffs an additional extension of time to do so.

Consequently, the Court finds that Plaintiffs have failed to abide by the terms of the Court's Order of June 20, 2018. [Docket No. 13]. Because the Court forewarned Plaintiffs of the potential consequences of failure to abide by the Court's Order, the Court recommends that this action be dismissed for failure to comply with the Court's June 20, 2018, Order, [Docket No. 13], and for failure to effect proper service. See, Widtfeldt v. Daugherty, 587 Fed. App'x 992 (8th Cir. Dec. 16, 2014) (unpublished per curiam opinion) (holding that the district court did not abuse its

3

discretion in dismissing the action without prejudice when plaintiff failed to establish that he had properly effected service within the time provided).

Customarily dismissal for failure to comply with a Court Order regarding service and for failure to effect proper service would—under different circumstances—be a dismissal without prejudice. However, in the present case, Plaintiffs chose to file a Motion for Default Judgment; upon review of that Motion, the Complaint upon which the Motion is based, and the other pleadings in the present case, the Court has—for the reasons stated herein—determined that the recommendation of dismissal of Plaintiffs' Complaint will be a recommendation for dismissal with prejudice.

"A court must dismiss an action over which it lacks subject matter jurisdiction." Pomerenke v. Bird, No. 12-cv-1757 (DSD/JJG), 2014 WL 30363, at *1 (D. Minn. Jan. 3, 2014) (citing Fed. R. Civ. P. 12(h)(3)). The Court has an obligation to dismiss an action over which it lacks subject matter jurisdiction as soon as that lack of subject matter jurisdiction is discovered without regard for the procedural posture of the action. See, Id.

"A court does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint. If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." Biscanin v. Merrill Lynch & Co., Inc., 407 F.3d 905, 907 (8th Cir. 2005) (internal citations omitted) (citing Hagans v. Lavin, 415 U.S. 528, 537–38 (1974)). In other words, merely because a plaintiff states in the Complaint that the Court has subject matter jurisdiction does not make it so. It is the burden of the party asserting jurisdiction to prove that jurisdiction exists. VS Ltd. P'ship. v. Department of Hous. & Urban Dev., 235 F.3d 1109, 112 (8th Cir. 2000).

4

While the Court is required to construe the content within Plaintiffs' *pro se* pleadings liberally, Plaintiffs are nevertheless bound by applicable procedural and substantive law.  See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

Plaintiffs purport to bring suit—on behalf of themselves and all citizens of the United States—against Defendants for "monetary relief, reduction of the Federal government debt, the States debt and the debts of the citizens and relief from economic servitude." (Compl, [Docket No. 1], at 1). Plaintiffs lack standing to bring such a claim.

Federal Courts may assert jurisdiction only over cases and controversies, and a core element of Article III's case-or-controversy requirement is that a plaintiff have standing to sue. See, Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). To satisfy this burden, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751 (1984). Therefore, a party has standing if his claims "spring from an injury-in-fact—an invasion of a legally protected interest that is concrete and particularized, actual or imminent and fairly traceable to the challenged act of the defendant, and likely to be redressed by a favorable decision in the federal court. See, Lujan, 504 U.S. at 560–61 (internal quotation marks omitted). If at any time, the Court determines that plaintiff lacks standing, and therefore the Court lacks subject matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(h).

Plaintiffs lack standing to raise the present action because they have pled no particularized invasion of their legally protected interest. Instead, Plaintiffs complain of Defendants' conduct which affects, as Plaintiffs concede, every citizen of the United States. (See, Compl. [Docket No.

5

1]) (naming as Plaintiffs "the citizens of the United States" and asserting the present action is brought "to protect the citizens, the federal government and the states from overwhelming debt, bankruptcies, and foreclosures"). The Supreme Court, however, has "consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." Lujan, 504 U.S. at 573–74. This "generally available grievance about government" is the exact type of claim Plaintiffs are presently raising. Plaintiffs "stake is not greater and [their] status no more differentiated than that of millions of other" citizens, and such "harm is too vague and its effects too attenuated to confer standing on any and all" citizens. Berg v. Obama, 574 F. Supp. 2d 509, 519 (E.D. Pa. 2008), aff'd, 586 F.3d 234 (3d Cir. 2009).

Consequently, Plaintiffs lack standing to bring the present action. And, therefore, this Court lacks subject matter jurisdiction to adjudicate the present case. Accordingly, the recommendation of dismissal of Plaintiffs' Complaint will be a recommendation of dismissal with prejudice.

Therefore, for the foregoing reasons, and based on all of the files, records, and proceedings herein,

—**IT IS HEREBY ORDERED THAT** Plaintiffs' Motion for Default Judgment, [Docket No. 14]; Affidavit in support of said motion, [Docket No. 15];  Proposed Order, [Docket No. 16]; and Certificate of Service, [Docket No. 17], are **STRICKEN** as filed in error; and

—**IT IS HEREBY RECOMMENDED THAT** Plaintiffs' Complaint, [Docket No. 1], be dismissed with prejudice, for failure to effect service and lack of subject matter jurisdiction.

Dated: July 18, 2018

s/Leo I. Brisbois
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).